**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO.: 4:16-cr-0089-2-S** |
| | § | |
| **SANDRA NSOBUNDU** | | |

**PLEA AGREEMENT**

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and Ruben R. Perez and Julie N. Searle, Assistant United States Attorneys, and Defendant, Sandra Nsobundu, and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

**The Defendant's Agreement**

1. Defendant agrees to plead guilty to Count III of the Superseding Criminal Information. Counts III charges Defendant with Unlawful Conduct with Respect to Documents in Furtherance of Forced Labor, in violation of Title 18, United States Code, Section 1592. Defendant, by entering this plea, agrees that she is waiving any right to have the facts that the law makes essential to the punishment either charged in the Indictment or proven to a jury or judge beyond a reasonable doubt.

**Punishment Range**

2. The statutory maximum penalty for each violation of Title 18, United States Code, Section 1592, is a term of imprisonment of not more than five (5) years and a fine of not more than $250,000.00. Additionally, Defendant may receive a term of supervised release after imprisonment of up to three (3) years, Title 18, United States Code, §§ 3559(a) and 3583(b).

Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation, Title 18, United States Code, §§ 3559(a) and 3583(e)(3). Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

**Mandatory Special Assessment**

3. Pursuant to Title 18, United States Code, § 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5,000.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

**Immigration Consequences**

4. Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Defendant understands that if she is not a citizen of the United States, by pleading guilty she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

**Waiver of Appeal**

5. Defendant is aware that Title 28, United States Code, § 1291, and Title 18, United States Code, § 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence

imposed, or the manner in which the sentence was determined. Additionally, Defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Defendant knowingly and voluntarily waives the right to contest her conviction or sentence by means of any post-conviction proceeding. In the event the Defendant files a notice of appeal following the imposition of the sentence, the United States will assert its rights under this agreement and seek specific performance of this waiver.

6. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that she may have received from her counsel, the United States, or the Probation Office, is a prediction, not a promise, and such estimate did not induce her guilty plea and is not binding on the United States, the Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that the Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 125 S. Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

7. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this Plea Agreement.

**The United States' Agreements**

8. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count III of the Superseding Criminal Information and persists in that plea through sentencing, and if the Court accepts this Plea Agreement, the United States will move to dismiss any remaining counts of the Indictment at the time of sentencing;

(b) If the court determines that Defendant qualifies for an adjustment under section under U.S.S.G. § 3E1.1(a) of the United States Sentencing Guidelines, and the offense level is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.; and

(c) The United States will not seek forfeiture of the Defendant's residence in Katy, Texas.

**Agreement Binding - Southern District of Texas Only**

9. The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Indictment. This Plea Agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney. The United States will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices if requested.

**United States' Non-Waiver of Appeal**

10. The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and

Title 18, United States Code, § 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

**Sentence Determination**

11. Defendant is aware that the sentence will be imposed after consideration of the Sentencing Guidelines, which are only advisory, as well as the provisions of Title 18, United States Code, § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court, and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

**Rights at Trial**

12. Defendant represents to the Court that she is satisfied that her attorney has rendered effective assistance. Defendant understands that by entering into this Agreement, she surrenders certain rights as provided in this Plea Agreement. Defendant understands that those rights include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other

evidence against Defendant. Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on her own behalf. If the witnesses for Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court.

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, she could testify on her own behalf.

**Factual Basis for Guilty Plea**

13. Defendant is pleading guilty because she is guilty of the charges contained in Count III of the Superseding Criminal Information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

From on or about September 29, 2013 and October 10, 2015, Defendants, Chudy Nsobundu and Sandra Nsobundu, husband and wife, maintained a woman, A.E., a Nigerian, to serve as a housemaid and nanny at their residence in Katy, Texas.

The immigration laws and regulations of the United States require citizens of certain foreign countries who seek admission to the United States to obtain a visa prior to entry. The application must contain true and accurate information and is submitted under oath. All requested information on the application is considered material. The Defendants obtained a Nigerian passport and later, a visa, for A.E. to accompany them to the United States. The Defendants knowingly caused a false visa application for A.E. to be submitted to the United States Department of State. The false visa application contained the following material misrepresentations: (1) an incorrect date of birth showing that A.E. was twenty years older; (2) a false statement that A.E. was married when she was not; (3) a false statement that the purpose of travel was to attend a niece's graduation; and, (4) a written letter provided at the interview that falsely stated that Chudy Nsobundu was her brother, supported by a photograph of Mr. Nsobundu and the Nsobundu family. Chudy Nsobundu knowingly made multiple material misrepresentation under oath on the visa application to increase the chances that A.E.'s visa application would be accepted and to hide the fact that A.E. would be working for the Nsobundu family as a housemaid and nanny under conditions that were not in compliance with United States' labor laws. Chudy Nsobundu submitted the application under oath even though he was not A.E. and he knew that the application contained these material misrepresentations.

Sandra Nsobundu aided and abetted in the submission of the fraudulently filed visa application for A.E. submitted by Chudy Nsobundu. In or around September 2013, Defendant Sandra Nsobundu took A.E. to the United States Consulate in Lagos, Nigeria, to obtain her visa.

Defendant Sandra Nsobundu gave A.E. a letter to provide to the consular officials which stated she did not speak English well and that she would be traveling to the United States for her niece's graduation when she was not attending her niece's graduation. Defendant Sandra Nsobundu gave A.E. a picture of Defendant Chudy Nsobundu and the family and told her to tell the consular officials Defendant Chudy Nsobundu was her brother. A.E. is not a relative of Defendant Chudy Nsobundu, and is not married. The spouse listed on her United States visa application, Amobi, is the Nsobundus' driver in Nigeria. Defendants Chudy and Sandra Nsobundu knew that they had unlawfully obtained A.E.'s visa by means of false claims and statements.

After obtaining A.E's, B2 tourist visa, in or about September 2013, Defendants paid to transport victim A.E. from Nigeria to the United States. Upon arrival to the United States, A.E. was allowed to temporarily keep her passport to go through immigration. However, before she got into the vehicle at the airport to travel to the Nsobundus' residence in Katy, Texas, Defendant Sandra Nsobundu took A.E.'s passport and copies of A.E.'s bank statement. Defendants transported A.E. from the Houston Airport to the Defendant's house in Katy, Texas. After arriving at the Nsobundu residence, Defendants Sandra and Chudy Nsobundu concealed, removed, and possessed A.E.'s passport and visa with the intent to violate the forced labor statute and with the intent to prevent and restrict, without lawful authority, A.E.'s liberty and ability to move and travel in order to maintain her labor and services.

Defendants knowingly unlawfully obtained the labor and services of A.E. from on or about September 29, 2013 to October 10, 2015. Throughout the period she worked for Defendants, victim A.E. was not permitted to have her passport or visa. Defendants knowingly enacted a scheme intended to cause A.E. to believe that failure to perform the labor and services would result in serious harm to her. Defendants also threatened abuse of law and the legal process. The scheme enacted by the Defendants included the following components: A.E. was never paid; A.E.'s movement was restricted to the Defendants' residence or two short walks per day around the block with the Defendants' children; Defendants would frequently yell at, scold, and berate A.E. for moving too slowly or failing to care for the children in the manner Defendants wanted; and Defendants threatened to send victim A.E. back to Nigeria if she did not comply with their labor demands.

**Breach of Plea Agreement**

14. If Defendant should fail in any way to fulfill completely all of the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals or disposes of assets in violation of this Plea Agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information

and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

**Restitution and Fines**

15. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that she will make a full and complete disclosure of all assets over which she exercises direct or indirect control, or in which she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which she has an interest, unless Defendant obtains the prior written permission of the United States.

16. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) by the deadline set by the United States, or if no deadline is set, prior to sentencing. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

17. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of her assets to deliver all funds and records of such assets to the United States.

18. Defendant understands that forfeiture, restitution, and fines are separate

components of sentencing and are separate obligations.

**Restitution**

19. Defendant agrees that she and co-defendant, Chudy Nsobundu, are jointly and severally liable to pay full restitution to the victim regardless of the count of conviction. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim. The United States will argue that the amount of Restitution is $129,108.00 as determined by the Department of Labor as reflected in Exhibit "A". Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

**Fines**

20. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

**Complete Agreement**

21. This written Plea Agreement, consisting of 11 pages, including the attached addendum of Defendant and her attorney, constitutes the complete Plea Agreement between the United States, Defendant, and her counsel. No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement. Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because

she is guilty.

22. Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on October 19, 2016.

S. N. Nsobundu

Defendant – Sandra Nsobundu

Subscribed and sworn to before me on October 19, 2016.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: ______________________
Deputy United States District Clerk

APPROVED:

KENNETH MAGIDSON
United States Attorney

By: ______________________
Ruben R. Perez
Assistant United States Attorney
Southern District of Texas
Telephone: 713-567-9000
Facsimile: 713-718-3301

By: Julie N. Searle
Julie N. Searle
Assistant United States Attorney
Southern District of Texas
Telephone: 713-567-9000
Facsimile: 713-718-3301

______________________
David Adler
Attorney for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO.: 4:16-cr-0089-2** |
| | § | |
| **SANDRA NSOBUNDU** | § | |

**PLEA AGREEMENT – ADDENDUM**

I have fully explained to Defendant her rights with respect to the pending Superseding Criminal Information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant's decision to enter into this Agreement is an informed and voluntary one.

[signature] 10/19/16

Attorney for Defendant – David Adler Date

I have consulted with my attorney and fully understand all my rights with respect to the Superseding Criminal Information pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand this Agreement and I voluntarily agree to its terms.

S.N. Nsobundu 10/19/16

Defendant – Sandra Nsobundu Date

| | | | | | | |
|---|---|---|---|---|---|---|
| **Name** | Anasthesia | Ezeogu | | | | |
| **Address** | | | | | | |
| **Job Title** | Domestic Employee | | | | | |
| | | | | | | |
| **Period of Employment-** | **# of Weeks worked** | **Hours Worked** | **Days Worked** | **Regular Rate** | **Total Wages Due** | |
| 9/29/13 thru 10/10/15 | 106 | 24 | 7 | $ 7.25 | $ 129,108.00 | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| Back wages were computed using 24 hours per day. | | | | | | |
| No credit was given for sleep time. The employee did not have adequate sleeping facilities | | | | | | |
| and did not receive at least 5 hours uninterupted sleep. | | | | | | |

GOVERNMENT EXHIBIT

A

H-16-89